```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

THE ANNUITY, PENSION, WELFARE and
TRAINING FUNDS of the INTERNATIONAL         NOT FOR PUBLICATION
UNION of OPERATING ENGINEERS LOCAL 14-
14B, AFL-CIO, by their TRUSTEES EDWIN       ORDER ADOPTING REPORT
L. CHRISTIAN, CHRIS CONFREY, JOHN           AND RECOMMENDATION
CRONIN, DON DeNARDO, RENZO COLLAVINO,
DANIEL NOESGES, DENISE M. RICHARDSON,       12-CV-6410 (KAM)(SMG)
and JOHN F. O'HARE,

                    Plaintiffs,

    -against-

INTEGRATED STRUCTURES NEW YORK, LLC,

                    Defendant.

----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

On December 28, 2012, plaintiffs, as Trustees of the Local 14 Trust Funds, commenced this action against defendant Integrated Structures New York, LLC ("ISNY"), pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to recover unpaid contributions to various benefit funds, interest on those unpaid contributions, liquidated damages, attorney's fees, and costs. (*See generally* ECF No. 1, Complaint dated 12/14/12 and filed 12/28/12.) On January 21, 2013, plaintiffs properly served ISNY with a copy of the Summons and Complaint. (*See* ECF No. 4, Executed Summons; ECF No. 8, Exh. 1, Copy of Summons, Complaint,

and Proof of Service.) ISNY failed to answer or otherwise respond to the Complaint, despite having received proper notice and an opportunity to respond.

Accordingly, at plaintiffs' request, the Clerk of the Court entered default against ISNY on February 13, 2013. (ECF No. 5, Request for Certificate of Default dated 2/12/13; ECF No. 6, Clerk's Entry of Default dated 2/13/13.) On February 14, 2013, plaintiffs moved for entry of default judgment and served ISNY with a copy of the Clerk's Certificate of Default. (ECF No. 7, Plaintiffs' Motion for Default Judgment dated 2/12/12 and filed 2/14/12 ("Pls.' Mot."); ECF No. 8, Affidavit in Support of Plaintiffs' Motion for Default Judgment ("Pls.' Aff."); ECF No. 9, Certificate of Service of Default Motion and Clerk's Entry of Default; ECF No. 10, Plaintiffs' Memorandum in Support of Default Motion; ECF No. 11, Certificate of Service of Memorandum in Support.)

By Order dated April 1, 2013, the court referred this matter to Chief Magistrate Judge Steven M. Gold for a Report and Recommendation. (*See* Order Referring Motion dated 4/1/13.) On June 27, 2013, Chief Judge Gold issued a Report and Recommendation recommending that the court grant plaintiffs' motion for entry of default judgment and award plaintiffs a total of $12,846.66, comprised of $9,816.66 in unpaid contributions and $3,030 in attorney's fees and costs, plus interest and liquidated

damages. (*See* ECF No. 12, Report and Recommendation dated 6/27/13 ("R&R") at 8.) Chief Judge Gold further directed plaintiffs to serve a copy of the R&R on ISNY at its last known address. (*Id.*; *see also* Minute Order dated 6/27/13.) On June 28, 2013, plaintiffs properly served the R&R on ISNY. (ECF No. 13, Certificate of Service of R&R filed 6/28/13.) Chief Judge Gold notified the parties of the right to file written objections within fourteen days of the R&R and, in any event, no later than July 15, 2013. (R&R at 8.) To date, neither party has filed an objection to the R&R, and the time to do so has since passed.

## **DISCUSSION**

In reviewing a Report and Recommendation, a district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party makes specific and timely objections to a magistrate judge's findings or recommendations, the district court must apply a *de novo* standard of review to the portions of the R&R to which the objection is made. *Mazzei v. Abbott Labs. & Co.*, No. 10-CV-1011, 2012 WL 1101776, at *1 (E.D.N.Y. Apr. 2, 2012) (citing Fed. R. Civ. P. 72(b)(3); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010)); *see also* 28 U.S.C. § 636(b)(1).

Where no proper objection to a Report and Recommendation has been timely made, the district court "'need

only satisfy itself that that there is no clear error on the face of the record.'" *Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). Moreover, where "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error." *Zaretsky v. Maxi-Aids, Inc.*, No. 10-CV-3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (internal quotation marks omitted).

Upon a careful review of the record and Chief Judge Gold's thorough and well-reasoned R&R, the court finds no clear error and hereby affirms and adopts the R&R in its entirety as the opinion of the court. Accordingly, the court grants plaintiffs' motion for default judgment against ISNY and awards plaintiffs $12,846.66, comprised of unpaid contributions, attorney's fees, and costs, plus interest and liquidated damages, as follows:

(1) $9,816.66 in unpaid contributions;

(2) $3,030 in attorney's fees and costs;

(3) interest at the rate of 6% on the unpaid contributions, accruing from November 14, 2010 until the date of final judgment; and

(4) liquidated damages equal in amount to the interest

owed.

Plaintiffs are directed to serve a copy of this Order upon ISNY at its last known address and promptly file proof of service via ECF. The Clerk of the Court is respectfully requested to enter judgment in accordance with this Order and to close this case.

**SO ORDERED.**

Dated: July 23, 2013
       Brooklyn, New York

                                                /s/
                                      Kiyo A. Matsumoto
                                      United States District Judge
                                      Eastern District of New York